UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| Maria Jimenez, an individual, Muoi T. Trinh, an individual and all similarly situated current and former employees of Defendants,<br><br>Plaintiffs,<br><br>v.<br><br>Bornstein Seafoods, Inc., a Washington State corporation; Richard Griffith, an individual and Colin Bornstein, an individual,<br><br>Defendants. | No. _____<br><br>**COMPLAINT FOR BREACH OF FIDUCIARY DUTIES UNDER ERISA** |

COMES NOW, the Plaintiffs, by and through their attorneys, and hereby allege as follows:

### I. Jurisdiction, Venue and Parties

1. Defendant, Bornstein Seafoods, Inc. (hereafter "the Employer") is an employer within the meaning of Section 3(5) of the Employee Retirement Income Security Act (hereafter "ERISA"), 29 U.S.C. Section 1002 (5). The Employer operates a fish processing plant in Bellingham, WA. The Employer is also the named fiduciary, Trustee and Plan Administrator of a 401K Plan known as Bornstein Seafood, Inc-Union Employee 401 K Plan (hereafter "the 401K Plan").

2. Defendant, Colin Bornstein is the CEO of the Employer. Based on information and belief, Colin Bornstein also acts as a fiduciary of the 401K Plan. Defendant, Richard Griffith, is the Senior Vice President of the Employer. Based on information and belief, Richard Griffith also acts as a fiduciary of the 401K Plan.

Complaint - 1

3. The Plaintiffs are current employees of the Employer working at its plant in Bellingham, WA. They are also participants in the 401K Plan that is the subject of this Complaint. Plaintiff, Muoi T. Trinh works for the Employer as a "Packer." She packs out fish and has been so employed since June 15, 1993. She is an hourly employee and is compensated at the rate of $12.73 per hour. Plaintiff, Maria Jiminez works as a Support Specialist Lead at the Bellingham plant. She oversees packers, filleters, and support personnel. She has been employed by the Employer for sixteen years. She is compensated at the hourly rate of $14.25. The named Plaintiffs and the putative class members are represented by the United Food and Commercial Workers Union, Local 21 (hereafter "Local 21") in a single location bargaining unit composed of the fish processing employees working for the Employer at the Bellingham plant. More specifically, the putative class is composed of present and former employees of the Employer who work or worked in that bargaining unit at the Bellingham plant since June 30, 2016.

4. Jurisdiction is proper in this court pursuant to Section 502(a) of ERISA, 29 U.S.C. Section 1132 (a).

5. Venue is proper in this court under Section 502 (e)(2) of ERISA, 29 U.S.C. Section 1132 (e) (2).

6. The named Plaintiffs and the putative class members have standing to bring this action because they are participants of the 401K Plan and they have suffered harm as a result of the actions of Defendants as more fully described herein.

## II.   Factual Background

7. The Employer is a party to a collective bargaining agreement (hereafter "CBA") with Local 21. The CBA covers the Plaintiffs and the putative class members. The CBA contains an entire Article devoted to the subject of funding pension plans for bargaining unit employees and is part of the benefit documents that govern the establishment and funding of the 401K Plan.

Complaint - 2

Specifically, Article twelve of the CBA required the Employer to make retirement contributions on behalf of all bargaining unit employees to a defined benefit plan known as the Sound Retirement Trust (hereafter "the SRT").

8. The CBA between the Employer and Local 21 further provides that, "the cost of retirement benefits, including all administrative or other expenses shall be paid for entirely by the Employer." As of July 1, 2016, the total Employer contribution under the CBA to the SRT was set at $1.738 per compensable hour.

9. Article twelve of the CBA also sets forth a process to allow the Employer to withdraw from the SRT. To do so, the Employer must establish and fund a 401K Plan "in the same hourly amount as the pension contribution at the time of the change." Hence, to effectively withdraw from the SRT, the Employer is required to immediately establish a 401K Plan and fund it with hourly contributions on behalf of bargaining unit employees in the amount of $1.738 per compensable hour at the time of the withdrawal.

10. On June 30, 2016, the Employer abruptly ceased making contributions to the SRT. The Employer represented to Local 21 that: "Effective July 1, 2016 (for purposes of employer contribution) UFCW Local 21 bargaining unit employees will be enrolled in the Bornstein Seafoods, Inc. 401K Profit Sharing Plan ("Profit Sharing Plan")." The Employer further represented that it would make "an annual non-elective contribution, for participants employed on the last day of the plan year (December 31) equal to 50 cents per hour for applicable bargaining unit work." The Employer also represented that, "Bargaining unit employees will be eligible to make salary deferral contributions upon execution of salary deferral agreements. At the time of the Employer's cessation of contributions to the SRT, the Employer did not provide any notification to the Plaintiffs of its withdrawal from the SRT or of the establishment of the 401K Plan.

11. The Defendants failed to establish the 401K Plan on July 1, 2016, or on any other date prior to December 15, 2016. As such, from July 1, 2016, through December 15, 2016, the

Complaint - 3

Employer did not contribute to a 401K Plan or notify employees of their rights to enroll and contribute to the 401K Plan through salary deferrals. Nor did the Employer make any contributions to the SRT during that same time frame.

12. The Defendants failure to establish and fund the 401K Plan was motivated by its own financial interests, namely, as leverage in a grievance dispute with Local 21 over whether the Employer had properly withdrawn from the SRT as of July 1, 2016, and the amount of the hourly contribution the Employer is obligated to make to the 401K Plan on behalf of each bargaining unit employee. To obtain leverage in that dispute, the Defendants failed to contribute the $1.738 per hour to the SRT or a 401K Plan, or even the $.50 cents per hour contribution they agreed was due and owing to a 401K Plan.

13. After nearly six months had passed since it ceased making contributions to the SRT, the Employer finally established the 401K Plan, which was made effective on December 15, 2016. The 401K Plan covers only the employees covered by the bargaining unit represented by Local 21. The 401K Plan documents permit those employees to make elective contributions through salary deferrals. The 401K Plan adoption agreement requires the Employer to make mandatory (non-elective, non- matching) "additional contributions" in the amount of $.50 cents for "each hour of service <u>credited</u> to an employee who is an active participant during each payroll period." (emphasis original). Hence, all employees who otherwise meet the eligibility requirements of the 401K Plan are active participants entitled to a minimum contribution from the Employer in the amount of $.50 cents per service hour. The Defendants had an obligation both to enroll all bargaining unit employees in the 401K Plan to facilitate payment of the mandatory Employer contributions and to pay said amounts to the 401K Plan on behalf of all such employees.

14. Between December 16, 2016, and December 31, 2016, the Employer failed and refused to contribute any amounts to the 401K Plan on behalf of the bargaining unit employee participants. Nor did the Defendants notify employees of their rights to contribute to the 401K Plan through elective salary deferrals during that time-frame. The Defendants' failure to make

Complaint - 4

contributions or to allow employees to make contributions through salary deferrals was motivated by the same financial self-interest in its dealings with Local 21.

15.     Between January 1, 2017, and April 21, 2017, the Employer still failed to contribute any amounts to the 401K Plan on behalf of the bargaining unit employee participants.  Nor did the Defendants enroll employees in the 401K Plan, so that they could receive the mandatory employer contributions or make contributions of their own to the 401K Plan through elective salary deferrals.

16.     Finally, by letter to Local 21 dated April 21, 2017, Defendant, Richard Griffith informed Local 21 that "we have put the following transactions in place. …" Among other things, Mr. Griffith represented that the Employer would make back contributions to the 401K Plan along with a "reasonable rate of return" from December 2016 through April 30, 2017.  The Employer also promised to hold an orientation process for employees to discuss how to participate in the Plan on or near May 20, 2017.  In negotiations for a new collective bargaining agreement, Local 21 also proposed that the Employer make retirement contributions for its members to the 401 K Plan as of its effective date (December 15, 2016).

17.     However, on June 1, 2017, representatives of the Employer, including Defendant, Richard Griffith informed Local 21 that the Employer would not make any contributions to the 401K Plan until the dispute with Local 21 over its withdrawal from the SRT and the proper amount of the hourly contribution to the 401K Plan was resolved.  Hence, the Employer has failed to make any contributions to the 401 K Plan to date; even the $.50 cents per hour of service contribution the Employer agrees is due and owing to the 401K Plan, and which is specifically required by the 401K Plan adoption agreement. On this same date, the same representatives of the Employer explicitly informed Local 21 that its decision to reconsider making any contributions to the 401K Plan was motivated by its own financial interests.  Based on information and belief, Defendants, Colin Borstein and Richard Griffith made or approved these actions on behalf of the Employer.

Complaint - 5

18. To date, none of the Defendants have taken any action to collect the employer contributions due and owing to the 401K Plan.

19. Until on or about June 16, 2017, none of the Defendants took any action that would allow Plaintiffs or any other employee covered by the CBA to make salary deferrals as provided under the 401K Plan.

20. To date, none of the Defendants have established individual accounts in the name of each Plaintiff eligible for the mandatory employer contribution.

21. Until on or about June 16, 2017, none of the Defendants provided the required information to Plaintiffs concerning the investment options available to invest Employer contributions or salary deferrals in an individual account for the benefit of Plaintiffs or any other employee covered by the CBA.

22. Until on or about June 16, 2017, the Defendants did not provide benefit statements or plan documents to the Plaintiffs or any other employee covered by the CBA.

### Count One - Violation of Standard of Care Under Section 404 of ERISA

23. Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs 1-22 herein.

24. Section 404(a)(1) of ERISA, 29 U.S.C. 1104(a)(1), provides in pertinent part as follows:

Subject to Sections 403(c) and (d), 4042, and 4044, a fiduciary shall discharge his duties with respect to a plan solely in the interests of the participants and beneficiaries and-

(A) for the exclusive purpose of:

(i) providing benefits to participants and beneficiaries; and

(ii) defraying reasonable expenses of administering the plan;

Complaint - 6

(B)   with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

(C)   in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this title and Title IV.

25. The Defendants have not taken actions necessary to enforce the terms of the plan documents governing the 401K Plan and collect employer contributions consistent with the terms of the 401K Plan.

26. In failing to collect employer contributions consistent with the terms of the 401K Plan documents, Defendants have failed to act for the exclusive benefit of participants and beneficiaries as provided under Section 404(a)(1)(A) of ERISA, 29 U.S.C. 1104(a)(1)(A).

27. Defendants have failed to discharge their duties in accordance with the documents and instruments governing the 401K Plan as required under Section 404(a)(1)(D) of ERISA, 29 U.S.C. 1104(a)(1)(D).

28. The Defendants have violated their fiduciary duties imposed under Section 404 of ERISA, 29 U.S.C. 1104, and the 401K Plan documents by failing to enroll all employees in the 401K Plan and to make the required employer contributions to the 401K Plan on their behalf.

29. The Defendants have violated Section 404(a)(1) of ERISA, 29 U.S.C. 1104(a)(1), by failing to establish individual accounts on behalf of Plaintiffs and all other participants covered by the 401K Plan.

Complaint - 7

30. Defendants have violated Section 404(a)(1) of ERISA, 29 U.S.C. 1104(a)(1), by failing to timely and properly notify Plaintiffs and other covered employees of their right to make elective salary deferrals as required by the 401K Plan documents.

31. Defendants have violated Section 404 of ERISA, 29 U.S.C. 1104, and their fiduciary duties by failing to timely distribute plan documents governing the 401K Plan as required under Title I of ERISA.

**Count Two - Prohibited Transactions Under ERISA**

32. Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs 1-31 herein.

33. Section 406(a)(1)(B) of ERISA, 29 U.S.C. 1106(a)(1)(B), provides that a fiduciary with respect to a plan shall not cause the plan to engage in a transaction if he knows or should know that such transaction constitutes a direct or indirect lending of money or other extension of credit between a plan and a party-in-interest.

34. Section 3(14)(C) of ERISA, 29 U.S.C. 1002(14)(C), defines a party-in-interest to include an employer any of whose employees are covered by a plan.

35. Section 3(14)(E) of ERISA, 29 U.S.C. 1002(14)(E), defines a party-in-interest to include the owner, direct or indirect, of 50 percent or more of the combined voting power of all classes of stock entitled to vote or the total value of shares of all classes of stock of a corporation.

36. Section 3(14)(H) of ERISA, 29 U.S.C. 1002(14)(H), defines a party-in-interest to include employees, officers, directors, or 10 percent or more shareholders of an employer or owner described in Paragraph Nos. 34 and 35 herein.

Complaint - 8

37. The failure of the Defendants to cause the Employer to make required contributions to the 401K Plan constitutes an impermissible extension of credit between the 401K Plan and a party in interest to the 401K Plan in violation of Section 406(a)(1)(B) of ERISA, 29 U.S.C. 1106(a)(1)(B).

38. The Defendants are parties in interest under ERISA.

39. Section 406 (a)(1)(D) of ERISA, 29 U.S.C. 1106(a)(1)(D), provides that a fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect transfer to, or use by or for the benefit of a party in interest, of any assets of the plan.

40. Here, the Employer contributions that are required to be made to the 401K Plan constitute plan assets and are being used for the benefit of the Employer in its negotiations over a new collective bargaining agreement and in a grievance with Local 21. Similarly, the owner, officers and shareholders of the Employer are using the assets of the4 01K Plan as leverage in the collective bargaining with Local 21.  In particular, the Employer and its owners, officers and shareholders have acknowledged that Employer contributions are owed to the 401K Plan but in their capacity as fiduciaries of the 401K Plan have intentionally refused to collect such contributions in order to obtain an advantage in collective bargaining with Local 21. As a result, the Defendants in their capacity as fiduciaries to the plan have engaged in a transaction prohibited by Section 406(a)(1)(D) of ERISA, 29 U.S.C. 1106(a)(1)(D).

41. Section 406(b) of ERISA, 29 U.S.C. 1106(b), provides in pertinent part as follows:

   A fiduciary with respect to a plan shall not-

   (1) deal with the assets of the plan in his own interest or for his own account,

Complaint - 9

(2) in his individual or in any other capacity act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries. . . .

42. The Defendants have admitted that they will not seek to collect Employer contributions from the Employer in the amounts owed under the CBA until a grievance dispute is resolved and/or a new collective bargaining agreement is negotiated between the Employer and Local 21. As a result, Defendants are dealing with the assets of the plan in their own interest and not for the benefit of participants and beneficiaries. Similarly, the Defendants, in their capacity as fiduciaries of the plan are acting in a manner adverse to the interests of the 401K Plan and its participants and beneficiaries and for the benefit of the Employer in violation of Section 406(b) of ERISA, 29 U.S.C. 1106(b).

43. Defendants have engaged in numerous transactions prohibited under Section 406(b) of ERISA, 29 U.S.C. 1106(b). Defendants have failed to collect hundreds of thousands of dollars in Employer contributions that belong to the Plaintiffs and other participants and beneficiaries of the 401K Plan.  Defendants have failed to set up required accounts for the Plaintiffs and other participants, have failed to send annual benefits statements to Plaintiffs and other participants, and have failed to distribute required 401K Plan documents all as part of a labor negotiation strategy on behalf of the Employer.

44. In sum, Defendants' actions have deprived the participants and beneficiaries of valuable pension benefits and the ability to make important decisions concerning their retirement. Defendants are indeed sacrificing the retirement security of hard-working employees solely to

Complaint - 10

obtain an advantage in collective bargaining with a third-party bargaining representative, actions that violate Sections 406(a) and (b) of ERISA, 29 U.S.C. 1106(a) and (b).

### IV. Prayer for Relief

WHEREFORE, the Plaintiff requests the following relief for its complaint:

1. For an Order requiring the Defendants to make retroactive Employer contributions to the 401K Plan in amounts to be determined at trial;

2. For an Order awarding interest in amounts to be determined at trial;

3. For an Order requiring the Defendants to make retroactive payments for lost investment opportunities by employees covered by the 401K Plan in amounts to be determined at trial, including lost investment opportunities associated with elective salary deferrals;

4. For an Order requiring Defendants to establish individual accounts for each participant covered under the 401K Plan reflecting each participant's share of Employer contributions required to be made to the 401K Plan;

5. For an order requiring Defendants to distribute to all participants Plan documents and notices required to be sent by Named Fiduciaries of the 401K Plan.

6. For an Order awarding prejudgment interest;

7. For an Order awarding the Plaintiffs' reasonable attorneys' fees and costs;

8. For an Order awarding such other equitable relief as the court deems appropriate;

9. In the alternative, for an Order prohibiting the Defendants from acting as fiduciaries of the 401K Plan and enjoining the Employer to retain suitable replacements consistent with the Orders of this Court;

10. For such other and further relief as the Courts deems proper and just.

DATED this 3rd day of August 2017

Complaint - 11

1  STREEPY LAW PLLC
2
3  /s/ James G. McGuinness
   James G. McGuinness, WSBA 23494
4  5030 First Avenue South
   Suite 101
5  Seattle, WA 98134
   Telephone (253) 528-0278
6  Facsimile (253) 528-0276
   jim@mcguinnessstreepy.com
7
8  /s/ Aaron Streepy
   Aaron Streepy, WSBA 38149
9  5030 First Avenue South
   Suite 101
10 Seattle, WA 98134
   Telephone: (253) 528-0278
11 Facsimile (253) 528-0276
   aaron@mcguinnessstreepy.com
12 Counsel for Plaintiffs
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Complaint - 12